IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MARCUS COOK,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          CV 121-161
                                      )
CAPTAIN GAINS;[1]                     )
LIEUTENANT MR. NEAL;                  )
SERGEATNT MS. McAUTHOR;               )
SERGEANT MS. KEMP;                    )
CERT TEAM OFFICER JASON SMITH;        )
SERGEANT MR. MOTON;                   )
WARDEN EDWIN PHILBIN; and             )
UNIT MANAGER MR. HARMAN,              )
                                      )
            Defendants.               )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), the "Motion to Avoid Plaintiff's Prior Complaints in Regard to His Claim in the Declaration" be **DENIED**, (doc. no. 5), and this action be **DISMISSED** without prejudice.

_____

[1]The Court **DIRECTS** the **CLERK** to update the spelling of the last name of this Defendant in accordance with the above caption, which is consistent with the complaint. (Doc. no. 1, pp. 1, 9.)

## I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Cook v. Solursh, Civ. Act. No. 1:09-CV-00151,

doc. no. 9 (S.D. Ga. Feb. 22, 2010) (dismissed for failure to exhaust)[2]; (2) <u>Cook v. Moskowitz</u>, Civ. Act. No. 1:02-CV-03509 (N.D. Ga. Jan. 16, 2003) (dismissed as frivolous based on failure to state a claim); and (3) <u>Cook v. State of Georgia</u>, Civ. Act. No. 3:02-CV-00045 (N.D. Ga. June 28, 2002) (dismissed as frivolous).  <u>See also</u> <u>Cook v. Jefferson</u>, Civ. Act. No. 5:19-CV-00480 (M.D. Ga. May 14, 2020) (collecting cases counted as strikes and denying motion to proceed IFP because no showing of imminent danger).  Indeed, Plaintiff so much as concedes his status as a three-striker in his Declaration and "Motion to Avoid Plaintiff's Prior Complaints in Regard to His Claim in the Declaration," wherein he acknowledges an extensive prior filing history but requests he still be allowed to proceed IFP.  (Doc. nos. 4, 5.)  As explained above, a prisoner attempting to proceed IFP in a federal civil action must comply with the requirements of the PLRA. The Court may not simply disregard Plaintiff's prior filing history, and his request that the Court do so should be **DENIED**.  (Doc. no. 5.)  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  <u>Mitchell v. Nobles</u>, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged

---

[2]In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." <u>Rivera</u>, 144 F.3d at 731; <u>see also</u> <u>Solliday v. Federal Officers</u>, 413 F. App'x 206, 208 (11th Cir. 2011) (*per curiam*) (same).

incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff signed his complaint on October 23, 2021.  (Doc. no. 1, p. 18.)  As discussed below, the allegations do establish imminent danger.

Plaintiff alleges he was denied a vegan tray at breakfast on October 8, 2021.  (Doc. no. 1, p. 16.)  As he moved between his dormitory, building 10, and the main dining hall, in an attempt to find a vegan breakfast tray, he encountered Defendants Smith and Moton, who were unhappy with him for not returning to his dormitory as instructed.  (Id. at 10.)  Defendant Smith told Plaintiff, within earshot of other inmates, that if he did not return to his dorm, Defendant Smith would conduct a shakedown in the dorm for cell phones.  (Id. at 10-11.)  As Plaintiff ate his breakfast, a fellow inmate attacked him because Plaintiff had drawn the attention of Defendant Smith to cell phones in the dorm, resulting in a fingernail scratch on Plaintiff's face.  (Id. at 12.)  While Plaintiff wrote his witness statement, he spoke with Defendant Gains about the situation, but Defendant Gains said somebody else would take care of the situation.  (Id. at 13.)

When Plaintiff was escorted to the medical department by Defendants McAuthor, Kemp, and Neal, and was placed in a small room to await treatment.  (Id. at 13-14.)  When he received a new cell assignment, Plaintiff refused the assignment because the person already in the cell did not want a cell mate.  (Id. at 14.)  Plaintiff returned to the small room in the medical department until shift change, at which time he was assigned to a single person cell; however, because his "status chart" stated he had refused a housing assignment, Plaintiff is worried he may be assigned a cell mate at some time in the future.  (Id. at 15.)

Plaintiff's allegations do not demonstrate he "faced 'a present imminent danger.'" Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  "In the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]."  Purcell *ex rel.* Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).  However,  general or conclusory  allegations  are  "insufficient  to  invoke  the  exception  to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Brown, 387 F.3d at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger exception);  Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (rejecting general claims of stress, anxiety, depression,  and  further  deterioration  of  life  as  insufficient  to  satisfy  imminent  danger exception); see also Odum v. Bryan Cnty. Judicial Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

Plaintiff's conclusory allegations of potential, future harm are insufficient to establish imminent danger of serious physical injury.  Not only does the reported fingernail scratch on October 8th not establish imminent danger of serious physical injury, but Plaintiff reports no assaults or threatened harm in the weeks between the original incident and the filing of the complaint.  Moreover, Plaintiff acknowledges he has been placed in segregated housing and complains only that the alleged incorrect designation on his housing chart *may* result in the assignment of a cell mate.  Not only is the prospective assignment speculative,

but he has no information that any such assignment may be the person who scratched him, or any other inmate who may wish him harm.   Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

C.   **Even if Plaintiff Were Permitted to Proceed IFP, the Case Is Subject to Dismissal Because Plaintiff Failed to Truthfully Disclose His Prior Filing History and Concedes He Did Not Exhaust Administrative Remedies**

1.   **Filing History**

The form complaint Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose:  (1) whether they have brought other state or federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such federal lawsuits, and (3) whether any such federal suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.  (Doc. no. 1, pp. 1-3.)  Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id. at 1-2.)

Here, under penalty of perjury Plaintiff acknowledged he had filed other federal lawsuits but claimed he could not remember the complaints and stated they had been disposed of "almost 2 decades ago."  (Doc. no. 1, p. 3; see also doc. no. 4, p. 2.)  However, Plaintiff also filed a Declaration and "Motion to Avoid Plaintiff's Prior Complaints in

Regard to His Claim in the Declaration," wherein he acknowledges an extensive prior filing history and specific reasons for dismissal he believes should not be counted against him under the PLRA.    Moreover, Plaintiff's filing history is not comprised of only cases dismissed twenty years ago.  As set forth above, Plaintiff had a case dismissed in the Middle District in 2020, Cook v. Jefferson, Civ. Act. No. 5:19-CV-00480.  Plaintiff has also had two cases resolved in the Southern District within the past two years:  (1)  Cook v. Caldwell, Civ. Act. No. 3:20-CV-00010 (S.D. Ga. Apr. 22, 2020), and (2) Cook v. Caldwell, Civ. Act. No. 3:19-CV-00056 (S.D. Ga. Nov. 26, 2019).    Thus, while Plaintiff disclosed a prior filing history, his apparent contention that he has only filed cases twenty years ago is false.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731.

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (per curiam) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of

perjury, as such a complaint is an abuse of the judicial process." Id.   The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.   See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by*  2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).   As discussed above, Plaintiff's answers about the timing of filing other federal lawsuits were a dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### 2.   The Exhaustion Requirement

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies.  See Jones v. Bock, 549 U.S. at 215; Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (*per curiam*); Solliday, 413 F. App'x at 208; Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (*per curiam*).   The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).  Moreover, the Court does not

8

have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate.  See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (*per curiam*); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  Rather, "[t]his provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

Furthermore, the PLRA also "requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way.  Id. at 90 (internal quotation omitted).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159.

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit.  Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective."  Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326.  Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'"

9

<u>Johnson</u>, 418 F.3d at 1155, 1156.   "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."   <u>Porter</u>, 534 U.S. at 524.

Here, Plaintiff concedes that he has not exhausted his administrative remedies, stating he "just appealed the grievance but I cannot wait on the response."   (Doc. no. 1, p. 9.) Plaintiff offers a host of reasons why he "cannot wait on the response," ranging from alleged imminent danger, (<u>id.</u> at 6), to futility and failure to follow procedural requirements, (<u>id.</u> at 6-8; <u>see also</u> doc. no. 4, pp. 3-4).   However, as discussed above, the PLRA requires proper exhaustion of administrative remedies prior to filing, and alleged futility is not an exception. Thus, even if Plaintiff were permitted to proceed IFP, his case would be subject to dismissal for the additional reason that he has not exhausted his administrative remedies.

## III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).   Thus, he fails to demonstrate that he should be excused from paying the full filing fee.   Furthermore, even if Plaintiff were allowed to proceed IFP, the case is subject to dismissal because he has abused the judicial process by misrepresenting his prior litigation history and filed his case prior to exhausting administrative remedies.   Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), the "Motion to Avoid Plaintiff's Prior Complaints in Regard to His Claim in the Declaration" be **DENIED**, (doc. no. 5), and this action be **DISMISSED** without prejudice.   If Plaintiff wishes to proceed with the claims

raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 8th day of November, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA