IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCUS COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-161 |
| | ) | |
| CAPTAIN GAINS; | ) | |
| LIEUTENANT MR. NEAL; | ) | |
| SERGEATNT MS. McAUTHOR; | ) | |
| SERGEANT MS. KEMP; | ) | |
| CERT TEAM OFFICER JASON SMITH; | ) | |
| SERGEANT MR. MOTON; | ) | |
| WARDEN EDWIN PHILBIN; and | ) | |
| UNIT MANAGER MR. HARMAN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 13.) In addition to objections, Plaintiff filed a second motion to appoint an agent, a motion to appoint counsel, and a motion for reconsideration of the order denying his first motion to appoint an agent. (Doc. nos. 11, 12, 14.) The Magistrate Judge recommended denying the motion to proceed *in forma pauperis*, as well as the "Motion to Avoid Plaintiff's Prior Complaints in Regard to His Claim in the Declaration," and dismissing the case without prejudice because Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) and does not qualify for the imminent danger of serious physical injury exception to § 1915(g). (Doc. no. 6, pp. 2-6.) The Magistrate Judge also recommended dismissal because Plaintiff failed to

truthfully disclose his prior filing history and filed the case prior to exhausting administrative remedies. (Id. at 6-10.)

Plaintiff's objections and motions filed after entry of the Report and Recommendation all center on the theme of alleged mail tampering at Augusta State Medical Prison ("ASMP"). According to Plaintiff everything he has mailed to the Court has been re-written by ASMP officials. He knows this because the description of his claims in the Report and Recommendation "are absolutely untrue and contrary to the plaintiff's original stories in his claims in his original complaint, motions, and pleadings before they had been fraudulently re-written. . . ." (Doc. no. 13, p. 2; see also doc. no. 11, p. 1; doc. no. 14, p. 3.) Notably, however, Plaintiff does not provide any specific information about incorrect allegations or otherwise explain how the information in the Court record differs from what he believes he submitted. Moreover, after Plaintiff began sending his filings to family members to mail to the Court, he claims that his family joined in the conspiracy to tamper with his mail, but he again provides no explanation or facts supporting his theory. (See doc. no. 14, p. 2.)

As the Magistrate Judge explained in the order denying the first motion for appointment of an investigator, the record shows Plaintiff's mail has successfully travelled from ASMP to the Court. (See doc. no. 10, pp. 1-2.) Nor has Plaintiff identified any exceptional circumstances warranting court interference in the day-to-day operations of ASMP with respect to processing mail. See Bell v. Wolfish, 441 U.S.520, 547 (1979). Therefore, the Court **DENIES** the two motions requesting an investigation of alleged mail tampering at ASMP. (Doc. nos. 11, 14.)

Likewise, the Court **DENIES** the motion for appointment of counsel to help Plaintiff litigate his case. (Doc. no. 12.) As a general rule, there is no entitlement to appointed counsel

in a civil rights case such as this one. <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992). Plaintiff not only fails to show exceptional circumstances exist to justify the appointment of counsel, <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996), but with the entry of this Order, Plaintiff's case is closed.

In sum, Plaintiff offers no information to change the analysis he has accumulated three strikes under § 1915(g), has not demonstrated he is in imminent danger of serious physical injury, and may not proceed *in forma pauperis*. Nor has Plaintiff provided any information undermining the additional reasons for dismissal based on furnishing untruthful information about his prior filing history and failing to exhaust administrative remedies prior to filing the case. Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion.

Therefore, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* and "Motion to Avoid Plaintiff's Prior Complaints in Regard to His Claim in the Declaration," (doc. nos. 2, 5), and **DISMISSES** this action without prejudice. The Court also **DENIES** the two motions requesting an investigation of alleged mail tampering at ASMP and the motion for appointment of counsel. (Doc. nos. 11, 12, 14.) If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. <u>See</u> <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this _10th_ day of January, 2022, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA