IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCUS COOK, | * | |
| Plaintiff, | * | |
| v. | * | CV 121-161 |
| CAPTAIN GAINS, ET AL., | * | |
| Defendants. | * | |

O R D E R

The above-captioned case is closed. Nevertheless, presently pending before the Court is Plaintiff's motion for appointment of an agent. (Doc. 18.) For the following reasons, Plaintiff's motion is **DENIED**.

I. DISCUSSION

Plaintiff has previously filed two motions for appointment of an agent in this case (Docs. 8, 11) which were denied by this Court on January 10, 2022 when it adopted the Magistrate Judge's Report and Recommendation. (See Doc. 15.) The Court explained that "the record shows Plaintiff's mail has successfully travelled from [Augusta State Medical Prison ("ASMP")] to the Court" and "Plaintiff has [not] identified any exceptional circumstances warranting court interference in the day-to-day operations of ASMP with respect to processing mail." (Id. at 2.) Nevertheless,

Plaintiff proceeded to file the present motion, again alleging mail tampering at ASMP and asking the Court to appoint an agent to investigate such. This is simply asking the Court to reconsider its previous findings, so the Court construes this motion as a motion for reconsideration.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D.

2

Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff does not specify under which Rule he brings this motion; therefore, it is up to the Court to determine under which Federal Rule this claim falls. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed this motion four days after the Order adopting the Magistrate Judge's Report and Recommendation; thus, the Court analyzes Plaintiff's motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff provides no convincing arguments that any of the above-stated requirements have been satisfied. Plaintiff's motion simply rehashes the same arguments as both of his prior motions to appoint counsel. He fails to provide facts or law sufficient to induce the Court to reverse its prior decision. For these reasons, the Court finds no reason to reconsider its prior Order and Plaintiff's motion (Doc. 18) is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint agent (Doc. 18) is **DENIED**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of March, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA